UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| STEVEN LAMONT MARKOS,<br><br>                   Plaintiff,<br><br>     v.<br><br>GREAT AMERICAN BIKE TOURS, LLC,<br><br>                   Defendant. | Civil Case No. |

## COMPLAINT AND JURY DEMAND

The plaintiff Steven Lamont Markos ("Plaintiff"), by his undersigned attorneys, Rath, Young, and Pignatelli, P.C., for his complaint against the defendant Great American Bike Tours, LLC ("Defendant") alleges as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106 and 501 *et seq.* Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

### PARTIES

2. Plaintiff is an individual residing in and doing business in Roswell, Georgia.

3. Upon information and belief, Defendant is a New Hampshire Limited Liability Company, with its principal place of business at 3 Wildwood Lane, Raymond, New Hampshire 03077, and can be served through its Registered Agent, Diane E. Kolifrath, 3 Wildwood Lane, Raymond, New Hampshire 03077.

## JURISDICTION AND VENUE

4. This is a civil action in which Plaintiff is seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.,* 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper because Defendant is, upon information and belief, conducting business in and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state.

6. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district. Venue is further proper pursuant to 28 U.S.C. § 1400(b) because the Defendant committed the acts of infringement and conducts business in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.     Plaintiff's Business**

7. Plaintiff Markos owns and operates the website, National Park Planner, www.npplan.com.  He started National Park Planner in 2014 to bring to the public first-hand coverage of the over 400 National Parks that make up America's National Park System, including summaries of the park's amenities and professional photographs of the terrain.

8. In 2018, Plaintiff created the photograph entitled "National Park Planner January-March 2018 (Cape-Cod-007)" a copy of which is attached hereto as *Exhibit A* and referred to herein as the "Copyrighted Work."

9. The Copyrighted Work is an original work of authorship created by Plaintiff.

10. On March 25, 2018, Plaintiff obtained a registration with the United States Copyright Office for the Copyrighted Work and was assigned the registration number VA 2-098-

056, a copy of which is attached hereto *Exhibit B*.

**B.      Defendant's Unlawful Activities**

11.     Upon information and belief, Defendant owns and operates a website, located at the URL https://www.cycletoursglobal.com where Defendant uses various media including high quality, alluring photographic images, such as those belonging to Plaintiff, to advertise and promote Defendant's business.

12.     On or about February 8, 2021, Plaintiff discovered the unauthorized use of the Copyrighted Work on Defendant's website where it was used to advertise tours through Cape Cod & Martha's Vineyard for approximately five (5) days each tour in the 2020 calendar year. Underneath the Work, it states "Image supplied by Great American Bike Tours".

13.     Upon information and belief, Defendant copied the Copyrighted Work from the internet and uploaded the Copyrighted Work to Defendant's website to advertise, market and promote its business activities thereby committing a number of infringing acts, namely, reproduction, distribution, and public display of the Copyrighted Work.

14.     Defendant's reproduction, distribution, and public display of the Copyrighted Work are without Plaintiff's permission and are conducted with full knowledge that Defendant does not have such permission or with reckless disregard for the lawful need of such permission.

15.     Copies of a screenshot demonstrating Defendant's unauthorized use are attached hereto as *Exhibit C*.

**CLAIM FOR RELIEF**
**DIRECT COPYRIGHT INFRINGEMENT**
**(17 U.S.C. § 101 *et seq.*)**

16.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

17. The Copyrighted Work is an original work of authorship, which embodies copyrightable subject matter, and is subject to the full protection of the copyright laws of the United States.

18. Plaintiff owns all rights, title and interest in and to the copyrights in the Copyrighted Work.

19. Upon information and belief, Defendant had access to the Copyrighted Work prior to the creation of the infringing works.

20. By its actions, as alleged above, Defendant has infringed Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501 *et seq.,* by reproducing, distributing and publicly displaying the Copyrighted Work.

21. Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate, and Defendant has profited at the expense of Plaintiff.

22. As a direct and proximate result of Defendant's infringement of Plaintiff's copyrights and exclusive rights in the Copyrighted Work, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each infringing reproduction, each infringing distribution, and each infringing public display, or such other amounts as may be proper under 17 U.S.C. § 504(c).  Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages and a disgorgement of Defendant's profits from infringement, amounts which will be proven at trial.

23. Plaintiff is entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

24. Defendant's conduct has caused, and any continued infringing conduct will continue to cause irreparable injury to Plaintiff, unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent

injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2. A declaration that such infringement is willful;

3. An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or publicly displayed the Copyrighted Work, or any portion or derivation of the Copyrighted Work;

4. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from his acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. § 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement;

6. Awarding Plaintiff his costs and disbursements incurred in this action, including his reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7. Permanently enjoining Defendant, his employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted

Work or to participate or assist in any such activity; and

      8.      For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: July 11, 2022

                  Respectfully submitted,

                  By: /s/ *R. Terry Parker*
                  RATH, YOUNG AND PIGNATELLI P.C.
                  R. Terry Parker, Esq.
                  One Capital Plaza
                  Concord, New Hampshire
                  Tel.: (603) 226-2600
                  Email: rtp@rathlaw.com

                  *Attorneys for Plaintiff*